**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 10-cv-00857-LTB

GARY ROYAL,

      Plaintiff,

v.

STELLAR RECOVERY, INC.,

      Defendant.

_____

**ORDER**
_____

THIS MATTER is before me on Defendant Stellar Recovery, Inc.'s Motion to Set Aside Clerk's Entry of Default, filed August 11, 2010 (docket #6). Defendant filed this motion after default entered against it and in favor of Plaintiff Gary Royal on August 2, 2010 (docket #5). Oral argument would not materially assist me in the determination of this motion. After consideration of the parties' briefs and related pleadings, and for the reasons stated below, I deny the motion.

Defendant Stellar is a professional, licensed debt collection agency. On April 15, 2010, Plaintiff filed suit against Defendant alleging violation of the Fair Debt Collection Practices Act. According to Defendant, its registered agent was served with the above-captioned lawsuit on April 19, 2010. Defendant states on the next day, Stellar's President, Bob Peterson, transmitted the pleadings to an attorney in California, via e-mail. Defendant goes on to state when Mr. Peterson was advised of the pendency of the Motion for Clerk's Entry of Default he notified Colorado counsel. Defendant argues it did not intentionally

ignore Plaintiff's Complaint or this Court's Summons. Further, Defendant asserts it has two valid defenses to Plaintiff's Complaint. Specifically, Defendant denies it committed the misconduct alleged in the Complaint. Defendant also denies its employees threatened to pursue lawsuits as a collection tactic or that it would have advised the Plaintiff that disputes cannot be made telephonically. Finally, Defendant goes on to say that it will raise a "bona fide error" defense which is provided for in the FDCPA.

In his Response, Plaintiff notes it is clear from Defendant's Motion that it had full knowledge of the lawsuit and Defendant made a conscious decision not to file a timely Answer. Plaintiff argues Defendant's choice to hire an attorney that is not admitted to practice before this Court and is located outside of the state of Colorado to defend it in this action and that attorney's alleged failure to file a timely answer does not constitute good cause as required by Fed.R.Civ.P. 55(c).

As to Defendant's defenses, Plaintiff notes Defendant does not attach affidavits from the collectors involved in the Plaintiff's case. Defendant instead relies on an affidavit from the President of Defendant who does not state that he has any personal knowledge of the Plaintiff's allegations and states, without any evidence, that Defendant did not violate the FDCPA but that if such a violation occurred the Defendant has a bona fide error defense to the violation. Further, it appears to Plaintiff that the Affiant is swearing to things that were never alleged. Plaintiff states this fact makes it clear to Plaintiff that the Affiant never reviewed the Complaint in this case prior to signing the Affidavit.

Plaintiff notes that the FDCPA is a strict liability statute and nothing in the FDCPA requires Plaintiff to prove that the violations of the FDCPA by the Defendant through its agents were authorized by the Defendant in order to establish liability under the statute.

2

Plaintiff goes on to argue Defendant's defenses that its employees are not trained to make false representations and that its policies and practices prohibit false representations do not constitute valid defenses to Plaintiff's allegations. The FDCPA does not require the Plaintiff show that the FDCPA violations were the result of training in order for the Plaintiff to prove a violation of the FDPCA nor does it require Plaintiff prove that the Defendant has policies and practices that violate the FDCPA.

I may set aside the entry of default for "good cause shown." Fed.R.Civ.P. 55(c). The standard for setting aside entry of default pursuant to Fed. R. Civ. P. 55(c) poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). The good cause standard is liberal in that default judgments are not favored, as the preferred practice is to decide cases on their merits. *See Katzson Bros., Inc. v. United States Environmental Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988). The decision to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

To determine whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. 2003)(not selected for publication)(citing *United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993)); *see also Hunt v. Ford Motor Co.*, 1995 U.S. App. LEXIS 24463, 1995 WL 523646, 3 (10th Cir. 1995)(unpublished opinion). "A court need not consider all of the factors, and may consider other factors as well." *Guttman*

*v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005)(not selected for publication)(*citing In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir .1992)).

I agree with Plaintiff that Defendant's choice to hire an attorney that is not admitted to practice before this Court and is located outside of the state of Colorado to defend it in this action and that attorney's alleged failure to file a timely answer does not constitute good cause as required by Fed.R.Civ.P. 55(c). Here, Defendant received actual notice of the Complaint and it made a conscious decision not to take the necessary steps to ensure that a timely Answer was filed. As such, Defendant Stellar Recovery, Inc.'s Motion to Set Aside Clerk's Entry of Default, filed August 11, 2010 (docket #6) is **DENIED**.

Dated: September  21 , 2010.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge

4